Carol BROCK, Plaintiff,

v.

PROVIDENT AMERICA INSURANCE COMPANY, Defendant.

No. CIV. A.3:01–CV–365–R.

United States District Court,
N.D. Texas,
Dallas Division.

April 17, 2001.

---

John Lee Malesovas, Malesovas, Martin & Tekell, Alico Center, Waco, for Carol Brock.

Thompson Coe Cousins & Irons, Dallas, for Provident American Insurance Co.

### MEMORANDUM OPINION AND ORDER

BUCHMEYER, Chief Judge.

Plaintiff Carol Brock ("Ms. Brock") asserts claims against Defendant Provident America Insurance Company ("PAI") for 1) misrepresentation in violation of the Texas Insurance Code, and 2) breach of contract. Now before this Court is Plaintiff's Motion to Remand, filed on March 15, 2001. For the reasons discussed below, Plaintiff's motion is **GRANTED.**

### I. BACKGROUND FACTS

This action arises over a dispute about the terms of a health care policy Ms.

Brock purchased from PAI on August 21, 1997. Essentially, Ms. Brock's complaint alleges that PAI misrepresented the policy's term that it was "guaranteed for the life of each person insured" by failing to disclose that the policy was actually terminable under both state and federal law.

After Ms. Brock purchased the comprehensive health care policy from PAI, she made all required premium payments and paid all applicable fees on time for almost three years. On June 29, 2000, PAI sent Ms. Brock a notice that they were cancelling her policy, as well as all other members' policies within the state of Texas, pursuant to 42 U.S.C. § 300gg–42(b)(3). This statute requires all health care policies in the United States to continue coverage at the option of the insured, and also states various exceptions to this general rule. *See* 42 U.S.C. § 300gg–42(a)–(e). The specific exception relied upon by PAI in this instance permits an insurance company to cancel an individual's insurance policy as long as the company fully withdraws all coverage from a particular state's market. *See* 42 U.S.C. § 300gg–42(b)(3); 42 U.S.C. § 300gg–42(c)(2)(A)(ii). As the statute dictates, PAI sent Ms. Brock the cancellation notice 180 days prior to the date they intended to cease her coverage (January 29, 2001). *See* 42 U.S.C. § 300gg–42(c)(2)(A)(i). At some point between the time Ms. Brock purchased coverage from PAI and the time this action was filed, she contracted breast cancer. As a result of her condition, Ms. Brock has been unable to secure alternate health insurance arrangements.

Ms. Brock filed suit in the 196th Judicial District of Hunt County, Texas on January 16, 2001, as a result of PAI's actions. Her complaint contains two Texas state law causes of action; breach of contract, and misrepresentation under four separate statutes of the Texas Insurance Code. The crux of Ms. Brock's misrepresentation claim is that PAI neither disclosed nor explained the exceptions to their representation that PAI health coverage was "guaranteed renewable," as the Texas Insurance Code mandates.[1] Ms. Brock also claims that PAI misled her into believing that her coverage was renewable without exception. Ms. Brock's claim does not contend that PAI's cancellation of her policy violated any provisions of 42 U.S.C. § 300gg–42; nor does Ms. Brock's complaint allege that state law prevents PAI from cancelling her insurance.

On February 23, 2001, PIA filed a timely notice of removal in this action pursuant to 28 U.S.C. § 1446(b). In its Notice, PAI states that this Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. § 1331.[2] This Motion to Remand by Ms. Brock followed on March 15, 2001, and this Court considers the merits of the motion through its authority granted by Congress to review removed actions, 28 U.S.C. § 1447(c).

## II.  LEGAL ANALYSIS

■ Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in a State Court of which the district courts of

---

1.  *See* Tex. Ins.Code. Ann. Art 3.70–1(G)2(d), which requires all insurers in the state of Texas to provide the consumer with "a statement of the renewal provision including any reservation by the insurer of a right to change premiums." *Id.*

2.  PAI has specifically pled that this Court has jurisdiction over two of Ms. Brock's claims under the Texas Insurance Code: Tex. Ins. Code Art. 21.21 § 4(2) and Tex. Ins.Code Art. 21.21 § 11. The Defendant also argues that this Court should exercise supplemental jurisdiction over the remaining claims, pursuant to 28 U.S.C. § 1367, but does not argue the Court has federal question jurisdiction over Ms. Brock's remaining three claims.

the United States have original jurisdiction." "Removal jurisdiction must be strictly construed, however, because it 'implicates important federalism concerns.'" *Ray v. State Farm Lloyds,* 1999 WL 151667 (N.D.Tex.1999)(citing *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir.1997)). "Any doubts concerning removal must be resolved against removal in favor of remanding the case back to state court." *Cross v. Bankers Multiple Line Insurance Company,* 810 F.Supp. 748, 750 (N.D.Tex.1992). For these reasons, the burden of establishing subject matter jurisdiction in federal court rests on the party seeking removal. *See Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253–254 (5th Cir.1961.)

In this case, diversity between the parties is not alleged. As such, this Court cannot exert its jurisdiction over this action unless the Defendant shows that one of the laws in question "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court's inquiry about whether a case confers federal-question jurisdiction begins with the longstanding "well-pleaded complaint" rule, which requires that a federal question appear of the face of the Plaintiff's complaint before a district court can invoke its jurisdiction. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). However, an exception to the "well-pleaded complaint rule" exists when a "substantial question of federal law" must be resolved before relief can be granted under the state law at issue. *Franchise Tax Board v. Construction Laborers,* 463 U.S. 1, 13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).[3] The "substantial question of federal law" must lie in the complaint itself, as a "defense that raises a federal question is inadequate to confer federal question jurisdiction.... a defendant may remove a case only if the claim could have been brought in federal court." *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)(citing *Mottley,* 211 U.S. 149, 29 S.Ct. 42, and 28 U.S.C. § 1441(b).) Here, Defendant PAI argues that even though no federal claim exists on the face of Ms. Brock's complaint, an analysis 42 U.S.C. § 300gg–42 is a substantial element of Ms. Brock's state law claims. PAI views this analysis as essential to the resolution of Ms. Brock's state law claims because unless Ms. Brock can prove that PAI did not comply with 42 U.S.C. § 300gg–42 when it cancelled Ms. Brock's "guaranteed renewable" insurance, she cannot succeed. Otherwise, PAI contends that Texas law would effectively prohibit the application of the federal statute.

Ms. Brock responds to PAI's claims in two ways that this Court finds persuasive. First, Ms. Brock argues that in enacting 42 U.S.C. § 300gg–42, Congress did not provide for a federal private right of action, because it anticipated that the states would be responsible for the statute's regulation. Second, Ms. Brock argues that outside of the private-right-of-action issue, the Fifth Circuit's recent re-articulation of the test for whether or not a state action

---

**3.** This Court notes here that another generally-recognized exception exists to the "well-pleaded complaint" rule; when a federal cause of action completely preempts a state cause of action relied on in a state court complaint, that action necessarily "arises under" federal law. *See Franchise Tax Board,* 463 U.S. at 24, 103 S.Ct. 2841. However, in this case this Court does not need to perform "complete preemption" analysis because the Defendant has stipulated that the doctrine is not applicable here. *See* Defendant's Response to Plaintiff's Motion to Remand, p. 6

substantially rests on a question of federal law in *Howery v. Allstate Insurance Co.*, 243 F.3d 912 (5th Cir.2001) indicates that this action should be remanded to state court. Each of these issues are discussed below, in turn.

## A. *Private Right of Action*

▮ In its briefing on this issue, PAI stipulates that it agrees with Ms. Brock's analysis that 42 U.S.C. § 300gg–42 does not provide for a private right of action. *See* Def. Response to Plaintiff's Motion to Remand, p. 7. As both the Supreme Court and the Fifth Circuit have explained *ad nauseam*, the Defendant's stipulation in this regard is dispositive; the presence of a federal remedy in a statute is a minimum threshold requirement to determine whether Congress intended for federal courts to adjudicate state-court actions. Following controlling Fifth Circuit jurisprudence, "we begin with the minimum requirement that the federal statutes involved provide a private, federal remedy." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir.1988)(citing *Merrell Dow*, 478 U.S. at 813–816, 106 S.Ct. 3229). Here, as in that case, no private remedy exists. That is the end of the issue, and has been since the Supreme Court decided *Merrell Dow*. "The significance of the necessary assumption that there is no federal private cause of action thus cannot be overstated." *Merrell Dow*, 478 U.S. at 812, 106 S.Ct. 3229. "*Merrell Dow* held that a private, federal remedy was a necessary predicate to determining that the presence of a federal element in a state-created cause of action resulted in that cause of action being one which arose under federal law." *Willy*, 855 F.2d at 1168 (citing *Merrell Dow*, 478 U.S. at 813–814, 106 S.Ct. 3229.)

PAI offers three arguments why this Court should break with the precedent established in *Merrell Dow* and *Willy:* 1) the fact that Texas simply incorporates the federal standard of 42 U.S.C. § 300gg–42 is sufficient to establish federal-question jurisdiction; 2) the fact that *Howery* does not discuss the private right of action requirement indicates that such jurisprudence is "dead" in the Fifth Circuit; 3) *Willy* is "simple dicta," not controlling law, and this Court should not follow its "dicta." This Court addresses each of these arguments below.

### 1. *Incorporation*

▮ First, PAI argues that since the Texas statute at issue simply incorporates the federal standard of when an insurer can withdraw insurance deemed "guaranteed renewable," this is sufficient to overcome the minimum private-right-of-action requirement. *See* Tex. Ins.Code Ann. Art. 3.70–1A(5)(b)(1–5)(stating that insurance that otherwise must be "guaranteed renewable" may be discontinued for the same five reasons set forth in 42 U.S.C. § 300gg–42); *see also* Tex. Ins.Code Ann. Art. 3.70–1A(c)(stating that "the commissioner [of health care in the state of Texas] shall adopt rules necessary to implement this article and to meet the minimum requirements of federal law and regulations.") Unfortunately for the Defendant, this Circuit has already contemplated and decided such a question in Ms. Brock's favor. "Where a state law incorporates federal law as the applicable state standard—it has occasionally been suggested that this is enough to confer federal-question jurisdiction . . . The Supreme Court has now rejected this suggestion, at least for cases in which the state claim is based on a violation of a federal statute for which Congress has declined to provide a private, federal cause of action." *Oliver v. Trunkline Gas Co.*, 796 F.2d 86, 88 (5th Cir.1986)(citing *Merrell Dow*, 478 U.S. 804, 106 S.Ct. 3229.) In other words, one of the results of *Merrell Dow* is that incorpo-

ration of a federal statute's standards by a state does not automatically confer jurisdiction over matters arising under the state statute to the federal courts. If, as here, Congress has not drafted the prerequisite federal remedy into the federal statute in question, the requirements of 28 U.S.C. § 1331 have not been met.

### 2. *Howery v. Allstate Insurance Co. Did Not Overrule Merrell Dow.*

As previously stated, the Fifth Circuit's recent decision in *Howery v. Allstate Insurance Co.*, 243 F.3d 912 (5th Cir.2001) is instructive on this issue, although not in the manner the Defendant suggests. PAI claims that "the Fifth Circuit has not required that a private right of action exists under federal law to justify removal when the defendant claims that the lawsuit requires resolution of a substantial question of federal law" and cites *Howery's* silence on the private-right-of-action requirement to stand for the proposition that the Fifth Circuit has overturned such a requirement. "If the Fifth Circuit had wanted to include such a requirement, it could have easily done so. But it did not, and no such

requirement exists." Defendant's Response to Plaintiff's Motion to Remand, p. 15.

Besides suffering from general presumptuousness, Defendant's arguments are misguided for one main reason; the federal statute at issue in the *Howery* case,[4] the Fair Credit Reporting Act, (15 U.S.C. § 1681 *et seq* ), does contain a federal remedy that provides for a private right of action. *See* 15 U.S.C. § 1681(n)(listing various penalties and civil liabilities for violations the FCRA). As such, the Fifth Circuit was not required to analyze *Merrell Dow* to reach its decision in *Howery,* because this "minimum requirement" of a private right of action had been met.[5]

Considering this fact, it would be improper for this Court to assume anything about the *Howery* Court's lack of comment on *Merrell Dow,* and especially improper to assume that the Fifth Circuit's silence on the private-right-of-action requirement established in *Merrell Dow* is no longer good law.[6] The interests of judicial economy and efficiency dictate that federal

---

**4.** As discussed *infra,* the face of Howery's complaint alleged that "Allstate also engaged in conduct in violation of the Federal Trade Commission rules, regulations, and statutes by obtaining Plaintiff's credit report in a prohibited manner, a further violation of the Texas Deceptive Trade Practices Act," which led Defendant Allstate to argue that "by mentioning the rules, regulations, and statutes of the FTC, Howery [was] stating a claim under the federal Fair Credit Reporting Act." *See Howery,* 243 F.3d at 917.

**5.** The main holding of *Merrell Dow* was the establishment of a private right of action as an important prerequisite for securing federal-question jurisdiction through the presence of a federal statute in a state law claim. "We simply conclude that the congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the

statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229. Along with this holding, the Court also rejected Merrell Dow's assertions that 1) uniformity of interpretation in federal statutes was best served by federal-court adjudication, and 2) the novelty of the federal issue at hand should be analyzed in determining the propriety of federal jurisdiction. As none of these three issues were present in the *Howery* case, it is not surprising that *Merrell Dow* did not factor into the *Howery* Court's analysis.

**6.** Here, this Court notes that the *Howery* Court also discussed the possibility that Allstate could have established diversity jurisdiction at some point during the action. In rejecting this argument, the *Howery* court held that the record lacked evidence that the parties were diverse. The *Howery* court did not, however, discuss whether the record sup-

courts limit their inquiries to a complete and thorough analysis of the specific legal issues rising before them. The *Howery* Court did not need to confront a private-right-of-action challenge. As such, their silence on the issue is not instructive.

### 3. *Willy v. Coastal Corp as "Simple Dicta."*

PAI further argues that *Willy v. Coastal Corp,* although supporting Ms. Brock's position is merely dicta, and not controlling precedent for the purposes of this Court's opinion. PAI's request for this Court to "not follow the *Willy* dicta," [7] however, does not address the fact that *Willy* cites the undisputably controlling precedent established by the Supreme Court in *Merrell Dow.* The *Willy* Court could not have been clearer that the private-remedy requirement of *Merrell Dow* factored into their determination that the federal courts lacked jurisdiction in that case. *See Willy,* 855 F.2d at 1168–1169. Moreover, as pre-

viously indicated, *Willy* is far from the only time the Fifth Circuit has spoken against PAI's position in this case.[8] "When, as in this case, Congress has provided no federal private cause of action, to allow the presence of a federal issue to give federal-question jurisdiction over a state-law cause of action would "flout, or at least undermine" congressional intent." *Griffis v. Gulf Coast Pre–Stress Co., Inc.,* 850 F.2d 1090, 1092 (5th Cir.1988)(citing *Merrell Dow,* 478 U.S. 804, 106 S.Ct. 3229.) [9] This Court cannot ignore fifteen years of Fifth Circuit jurisprudence, firmly rooted in Supreme Court precedent, under the guise that such legal reasoning is "simple dicta" and nothing more.

### B. *The Howery Test Does Not Support Federal Question Jurisdiction*

■ Even assuming, *arguendo,* that a private right of action under a federal statute is not a per se requirement to

---

ported a finding that the $75,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332 had been met. Were this Court to follow Defendant PAI's suggestion, the fact that the Fifth Circuit did not discuss the $75,000 jurisdictional requirement in *Howery* would have a bearing on whether or not "such a requirement exists." Just as this "silence" is obviously not instructive, nor is the *Howery* Court's silence on the private right of action requirement established in *Merrell Dow.*

7. Defendant's Response to Plaintiff's Motion to Remand, p. 15

8. PAI cites one case, *Drawhorn v. Qwest Communications,* 121 F.Supp.2d 554 (E.D.Tex. 2000), in which a federal district court in Texas held that *Merrell Dow* was not applicable law because the *Drawhorn* defendants "[did] not contend that there [were] any private rights of action under the various statutes which allegedly give the defendants rights in the plaintiffs' land." *Drawhorn,* 121 F.Supp.2d at 560, n. 6. In distinguishing the case at hand, this Court simply reiterates that Ms. Brock's complaint is exceedingly similar to *Merrell Dow* in that Ms. Brock solely as-

serts state law causes of action, the resolution of which do not "depend necessarily on a substantial question of federal law." *Merrell Dow,* 478 U.S. at 807, 106 S.Ct. 3229. Nor has any PAI indicated that Congress has provided a private right of action for any "federal issue" that may be implicated by Ms. Brock's complaint. At this time, *Merrell Dow* is controlling precedent on these issues, and as such, *Merrell Dow* is very much applicable here.

9. Similarly, this Court itself has previously considered a case in which the federal remedy requirement was considered standard operating procedure. "If this Court grants Eller's motions, Eller will not be seeking a remedy pursuant to any federal cause of action. The fact that the state court may look to federal law to aid it in construing a portion of a state cause of action does not transform the state cause of action into a federal question or a federal cause of action." *Patrick Media Group v. North Texas Tollway Authority,* 1998 WL 892279, *2 (N.D.Tex. Dec. 14, 1998).

federal-question jurisdiction, the facts of this case do not support the conclusion that Ms. Brock's claim contains a substantial question of federal law. To conduct such an inquiry, this Court first turns to the well-established principle that the plaintiff is the master of her complaint, and that the "well-pleaded complaint" rule requires a federal claim to appear on its face before federal jurisdiction is justified. *See Gully v. First National Bank at Meridian,* 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936). While PAI admits that Ms. Brock's complaint does not invoke federal law on its face, they argue that federal jurisdiction is warranted because her complaint raises a substantial question of federal law.[10] As such, this Court must next turn to the Fifth Circuit's most recent articulation of the "substantial-question" test in *Howery v. Allstate Insurance Co.,* 243 F.3d 912 (5th Cir.2001) to determine if PAI's arguments are meritorious.[11] In order to successfully meet the mandates of the *Howery* test, PAI must show that 1) a federal right is an essential element of Ms. Brock's state claim; 2) interpretation of that federal right is required to resolve the case; and 3) that the question of federal law raised is a substantial one. *Id.* at 918–919.

### 1. *Essential Element of Federal Law*

First, PAI claims that they have a federal right to terminate Ms. Brock's policy under 42 U.S.C. § 300gg–42, and that this right is an essential element of Ms. Brock's misrepresentation and fraud claims. Essentially, PAI argues that for Ms. Brock to succeed on her claims that PAI violated the Texas Insurance Code, she will have to first prove that PAI did not comply with 42 U.S.C. § 300gg–42. This Court does not agree with PAI's reading of Ms. Brock's complaint, the Texas Insurance Code, or federal health insurance law.

██ Article 21.21 of the Texas Insurance Code is the general provision prohibiting unfair competition, false advertising, and general deceptive practices in the business of insurance. Specifically, Tex. Ins.Code Ann. Art. 3.70–1(G)(2)(d) requires all companies offering health insurance in the State of Texas to provide the consumer with "a statement of the renewal provision including any reservation by the insurer of a right to change premiums." *Id.* The full extent of Ms. Brock's misrepresentation claims under the Code accuses PAI of failing to explain to her what exceptions existed to the "guaranteed renewable" provision, and asserting that the policy was absolutely, completely "guaranteed renewable" without informing her that the policy could be cancelled under both Texas and federal law. In short, Ms. Brock's

10. One of the exceptions to the "well-pleaded complaint rule" permits federal courts to exercise jurisdiction over those actions that raise a substantial question of federal law. *See Howery,* 243 F.3d at 916; *see also Willy,* 855 F.2d at 1169. However, this Court must reiterate that in *Willy,* the private-right-of-action requirement was still considered before the Willy court underwent "substantial question" analysis. *Id.*

11. It is worth noting that the federal statute at issue in *Howery,* the Fair Credit Reporting Act, (15 U.S.C. § 1681 *et seq*) somewhat tangibly appeared on the face on the Plaintiff's complaint when he alleged that Allstate violated "Federal Trade Commission rules, regulations, and statutes by obtaining Plaintiff's credit report in a prohibited manner, a further violation of the Texas Deceptive Trade Practices Act." *Howery,* 243 F.3d at 915. However, the Fifth Circuit held that this language did not indicate Mr. Howery intended to invoke the FCRA, because he did not allege it as a separate cause of action. *Id.* at 917–918. In this case, Ms. Brock makes absolutely no mention of any federal statute, Act, or law in her complaint.

complaint alleges that she was not provided with the renewal statement Texas law requires health insurers to provide in order to make its consumers aware that the term "guaranteed renewable" has significant limitations. The "essence" of her claim is not that PAI did not comply with federal regulations in its termination of her policy, but that PAI misled her when it sold her the policy and failed to abide by Texas law by providing her with a fair and accurate statement of the policy's renewal terms. The essence of her claim is misrepresentation and false advertising, and these are clearly state causes of action.

### 2. *Interpretation of a Federal Right*

■ Second, PAI argues in defense of their federal right to unilaterally cancel Ms. Brock's insurance. According to PAI, Ms. Brock cannot succeed on her claim without trampling on their federal right to cancel insurance in an entire state market, pursuant to 42 U.S.C. § 300gg–42(b)(3) and 42 U.S.C. § 300gg–42(c)(2). Yet this argument is defeated by the very wording of 42 U.S.C. § 300gg–42 itself, which only permits health insurers to cancel otherwise renewable coverage under five specific exceptions. *See* 42 U.S.C. § 300gg–42(b). When it cancelled Ms. Brock's insurance, the exception PAI relied on was 42 U.S.C. § 300gg–42(b)(3), which states that a health insurer may terminate coverage "when the issuer is ceasing to offer coverage in the individual market in accordance with subsection (c) of this section and *applicable State law.*" *Id.* (emphasis added). According to the statute, PAI has an obligation to follow both the provisions of 42 U.S.C. § 300gg–42 and "applicable State law" when terminating insurance coverage.

Ms. Brock alleges that PAI did not follow "applicable State law" when they did so. The proper forum to determine the merits of her claims is state court, because no federal right needs to be interpreted to determine whether or not PAI followed Texas state law in this instance.

PAI is correct in its argument that 42 U.S.C. § 300gg–62 prevents the states from enacting a rule or regulation that prevents the application of the federal health care statute at issue in this case. However, the fact that Congress has provided a federal standard for the cancellation of renewable coverage does not mean Congress gave PAI the right to disregard Texas state law in its practice. To the contrary, the statutory language in § 300gg–42(b)3 indicates that Congress specifically anticipated further regulation of this area by the states. As evidenced by the wording of the Texas Insurance Code, the state of Texas has not prohibited application of 42 U.S.C. § 300gg–42 by imposing a disclosure requirement on health care insurers within the state that clearly spells out renewal terms to the consumer. In other words, by requiring health insurers to disclose the specifics of their federal right to unilaterally terminate health insurance within a state, Texas does not prohibit insurers from utilizing that right.

Without making any substantive comment about Ms. Brock's probability of success on her complaint in state court, this Court notes that Texas has a stated interest in ensuring that their consumers have as much information as possible about the policies available to them, so its citizens can make informed health care choices.[12]

---

12. Although renewal provisions apply to all health-care insurers, information of this sort would be helpful to the consumer in picking a policy. For example, a consumer aware that a "guaranteed renewable" policy could be cancelled in the event an insurer withdraws coverage in an entire state may be more mindful of the company's longevity within the state as a factor to consider when purchasing health insurance.

This interest does not disallow insurance companies such as PAI from withdrawing coverage as federal law permits, as long as insurance companies such as PAI are up-front about the fact that health care policies may be terminated under certain circumstances. A judge or jury need not consider whether or not PAI complied with 42 U.S.C. § 300gg–42 in order to determine whether or not PAI complied with the Texas Insurance Code at the time Ms. Brock purchased its policy. And as previously stated, the federal statute mandates that insurance companies comply with certain state-specific provisions of insurance sales in 42 U.S.C. § 300gg–42(b)(3) when it directs companies to abide by "applicable State law" when terminating its coverage. As such, this action does not implicate or jeopardize a federal right.

3. *Substantial Question of Federal Law*

Finally, PAI argues that the federal law questions in this action are "substantial" because Ms. Brock cannot prevail on her state court claims without proving PAI violated 42 U.S.C. § 300gg–42. This argument fails for two reasons. First, were Ms. Brock to prove her case, she could potentially recover damages for misrepresentation, false advertising, and unfair business practices under Texas law without implicating federal law at all. In that case, PAI's cancellation of Ms. Brock's insurance would be merely the final element of an injury that occurred far before the actual withdrawal. Federal law is not a necessary element of Ms. Brock's state claim, and federal jurisdiction is inappropriate. *See Howery*, 243 F.3d at 918–919. "The well-pleaded complaint rule focuses on claims, not theories . . . and just because an element that is essential to a particular theory might be governed by federal . . . law does not mean that the entire . . . claim 'arises under' [federal] law."

*Willy*, 855 F.2d at 1170 (citing *Franchise Tax Board*, 463 U.S. at 26, 103 S.Ct. 2841.)

Second, the federal statute at issue contemplates that exceptions to the "guaranteed renewable" mandate be subjected to state law. *See* 42 U.S.C. § 300gg–42(b)(3). This fact, considered in conjunction with the absence of a federal private right of action under the statute, indicates that Congress intended the states to retain a substantial interest in actions of this nature. The possible presence of federal law within this state law claim does not automatically confer federal-question jurisdiction over this action. *See Howery*, 243 F.3d at 918–919. As such, PAI has not met its burden of proof on removal, and this Court must return this claim to state court.

### III. CONCLUSION

Based on the aforementioned arguments and the evidence before it, this Court finds that it does not have federal-question jurisdiction over this action as defined by 28 U.S.C. § 1331 and relevant caselaw, and hereby **GRANTS** the Plaintiffs' Motion to Remand, pursuant to 28 U.S.C. § 1447(c). This Court **ORDERS** this action remanded to the district court of Hunt County, Texas, 196th Judicial District.

**IT IS SO ORDERED.**