**Pairlee CAMPBELL, By and Through Her Next Friend, Myrtist ROBINSON Plaintiff**

v.

**COTTAGE GROVE NURSING HOME, L.P.; Juadine Cleveland; Unidentified Entities 1 Through 10 and John Does 1–10 as to (Cottage Grove Nursing Home) Defendants**

No. CIV.A.3:04 CV 470LN.

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 23, 2004.

agreeable to the usages and principles of law.

Christine C. Althoff, James B. McHugh, Wilkes & McHugh, P.A., Hattiesburg, MS, for Plaintiff.

Gar N. Schwippert, James P. Streetman, III, Scott, Sullivan, Streetman & Fox, PC, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on plaintiff Pairlee Campbell's motion to remand. Defendants Cottage Grove Nursing Home, L.P. and Juadine Cleveland have responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that plaintiffs' motion is not well taken and should be denied.

Plaintiff Pairlee Campbell is a resident of Cottage Grove Nursing Home in Jackson, Mississippi, having been admitted to the facility due to the onset of Alzheimer's disease. On June 10, 2004, this suit was filed in the Circuit Court of Hinds County on Ms. Campbell's behalf, alleging, *inter alia*, that plaintiff has suffered injuries, including multiple falls, bruises, skin tears, weight loss, dehydration, pressure sores, urinary tract infections and toe amputation as a consequence of defendants' negligence, medical malpractice and/or gross negligence. The complaint further alleges that defendants, in violation of federal and state law, attempted to discharge Ms. Campbell in retaliation for her daughter's having expressed to defendants and others dissatisfaction with the care Ms. Campbell was receiving.

Defendants removed the case on the basis of federal question jurisdiction under 28 U.S.C. § 1331, contending that plaintiff has asserted a claim or claims arising under federal law inasmuch as she has specifically charged that defendants' actions violated certain federal statutes and regulations. Plaintiff has moved to remand, insisting that defendants may not deprive her of the right to choose, as she has done, to pursue her claims on the basis of state law.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." Thus, for the district court to have removal jurisdiction, 28 U.S.C. § 1441(a) requires that the case be one over "which the district courts of the United States have original jurisdiction." District courts have original jurisdiction over cases concerning a "federal question," that is, cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ The determination whether a plaintiff's claim arises under federal law is made by examining the "well pleaded" allegations of the complaint, ignoring potential defenses. Under this "well pleaded complaint" rule, " 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution....' " *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 123 S.Ct. 2058, 2062, 156 L.Ed.2d 1 (2003) (citations omitted); *see id.* (recognizing that "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim"); *see also*

*Heimann v. National Elevator Indus. Pension Fund,* 187 F.3d 493, 499 (5th Cir. 1999) ("It is well-settled that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law."). "Standing behind the well-pleaded complaint rule is the idea that the plaintiff is the 'master' of his claim" so that if she has both state and federal remedies available to her, she may forego her federal claim and rely exclusively on state law and thereby avoid federal jurisdiction. *See Aaron v. National Union Fire Ins. Co. of Pittsburg, Pa.,* 876 F.2d 1157, 1161 n. 7 (5th Cir.1989) (citing *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913)); *see also Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987) (noting that, because the plaintiff is the "master of the claim," "he or she may avoid federal jurisdiction by exclusive reliance on state law") (footnote omitted); *Carpenter v. Wichita Falls Independent School Dist.,* 44 F.3d 362, 367 (5th Cir. 1995) (holding that "if a plaintiff indeed has a viable state law claim, he may depend on it alone and thereby defeat attempts at removal"); *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (stating that "it is ... plain that when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction").

■ In the case at bar, defendants first note that in her complaint, and specifically in connection with her negligence claims against defendant Juadine Cleveland, the nursing home administrator, plaintiff has identified conduct violative of federal regulations. Defendants conclude that even though plaintiffs have not actually cited the federal regulations from which the substance of plaintiff's allegations are drawn, it is nonetheless apparent that plaintiff is, in fact, using the federal regulations to create her cause of action.[1] It appears to the court, however, that with respect to these particular allegations, plaintiff has not undertaken to allege a claim arising under federal law, but rather has identified defendants' alleged violation of federal regulations as a basis for her state law claims of negligence. The court is further of the opinion that her invocation of federal law as part of her state law negligence claim is not sufficient to impart

---

1. For example, defendants refer to plaintiff's allegation that "[t]he administrator is responsible and required to hire and maintain sufficient staff to ensure that these residents' needs are met," and direct the court's attention to 42 C.F.R. § 483.30, which provides that "[t]he facility must have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident, as determined by resident assessments and individual plans of care."

They note plaintiff's allegation that her "medical records were not kept and maintained in accordance with accepted professional standards and practices," and refer the court to 42 C.F.R. § 483.75, which recites, "(1) Clinical records. (1) the facility must maintain clinical records on each resident in accordance with accepted professional standards and practices that are—(i) Complete; (ii) Accurately documented; (iii) Readily accessible; and (iv) Systematically organized," 42 C.R.F. § 483.75(1).

And they point to her allegation that "[t]he failures of Separate Defendants include but are not limited to ensuring that the staff provided [plaintiff] adequate hygiene and sanitary care," and observe that 42 C.F.R. § 483.25 requires the facility to "ensure that (1) A resident's abilities in activities of daily living do not diminish (except where unavoidable owing to the patient's clinical condition), which activities include the resident's ability to—(i) Bathe, dress, and groom; (ii) Transfer and ambulate; (iii) Toilet; (iv) Eat; and (v) Use speech, language, or other functional communication systems."

jurisdiction to a federal court under 28 U.S.C. § 1331.

■ In this respect, while an exception to the well-pleaded complaint rule permits federal courts to exercise jurisdiction over actions that raise a substantial question of federal law even where the plaintiff has not purported to seek relief under federal law but has instead undertaken to assert his claims under state law, *see Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001),[2] the Fifth Circuit has emphasized that a necessary predicate for an exercise of federal jurisdiction on the basis of a substantial federal question is the existence of a private federal remedy. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1169 (5th Cir.1988) (recognizing "minimum requirement that the federal statutes involved provide a private, federal remedy"). *See also Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 3235, 92 L.Ed.2d 650 (1986) ("[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal question jurisdiction."); *Brock v. Provident America Ins. Co.*, 144 F.Supp.2d 652, 657 (N.D.Tex.2001) ("The presence of a federal remedy in a statute is a minimum threshold requirement to determine whether Congress intended for federal courts to adjudicate state-court actions."). Plaintiff observes that the regulations at issue afford her no private remedy, and her reliance on them in support of

her state law claim of negligence will not support an exercise of federal jurisdiction.

■ On this point, the court does agree with plaintiff. *See Johnson v. Ara Group, Inc.*, 1994 WL 903005, *2 (S.D.Tex.1994) (holding that complaint which referred to the violation of federal regulations codified at 42 C.F.R. §§ 483.1 *et seq.* as evidence that the defendants violated their state law standard of conduct did not raise substantial federal question since the regulations do not envision suit by a recipient against her private provider of services) (citing *Stewart v. Bernstein*, 769 F.2d 1088, 1092–94 (5th Cir.1985)). However, defendants point out that in the count of her complaint for a temporary restraining order and permanent injunction, plaintiff expressly seeks relief based on defendants' alleged violation of federal law. In the court's opinion, this claim arises under federal law and supports defendants' assertion of federal question jurisdiction.

In count eight of her complaint, plaintiff alleges that defendants have attempted to expel her from the nursing home in retaliation for her daughter's complaints about the inadequacy of the care received by plaintiff as a resident of Cottage Grove. As is pertinent to the present inquiry, the complaint charges as follows:

> Pursuant to federal law, each facility **must** permit each resident to remain in the facility unless (certain delineated circumstances exist). *See* 42 C.F.R. § 483.12(a)(2).
>
> Expressing dissatisfaction with the care at the facility is not an acceptable reason to discharge a resident pursuant to federal regulation.

---

2. The Fifth Circuit has identified a three-part test for determining federal jurisdiction under § 1331 when a complaint under state law mentions a federal law: (1) whether the federal right is an essential element of the state claim, (2) whether the interpretation of the federal right is necessary to resolve the case, and (3) whether the question of federal law is substantial. *Howery*, 243 F.3d at 918.

The notice Defendants provided regarding Ms. Campbell's eviction is facially defective because it fails to set forth a permissible reason for discharge as required by 42 C.F.R. § 483.12(a)(6).

. . .

The complaint goes on to allege that the Mississippi Minimum Standards for the Aged and Inform also restrict when a facility can discharge a patient, and states,

None of the reasons for discharge set forth in either the federal regulations or the Mississippi Minimum Standards are present in this case.

Federal regulations also require a nursing home to provide at least thirty days notice before discharging or transferring a resident from the facility for one of the reasons set forth in 42 C.F.R. § 483.12(a)(2).

Defendants' letter dated May 13, 2004 demanding that Ms. Campbell be expelled by June 11, 2004 does not provide the requisite thirty days notice.

.    .    .    .    .

Defendants' blatant violation of well established federal guidelines requires the issuance of an *ex parte* Temporary Restraining Order and Permanent Injunctions prohibiting them from expelling Ms. Campbell from this facility.

.    .    .    .    .

Because the federal regulations are quite clear on their face, Ms. Campbell is likely to succeed on the merits of her cause of action. . . .

From the quoted portions of plaintiff's complaint, it is undeniable that she has affirmatively alleged a claim for relief based on federal law. *See Heimann,* 187 F.3d at 499. Despite this, plaintiff argues that because she has also alleged that the attempted expulsion from the facility violates Mississippi law, "[p]laintiff's claim for a restraining order is clearly based on

Mississippi law." The fact is, however, that in support of her claim for injunctive relief, plaintiff has not relied *exclusively* on state law, as was her prerogative, but she has instead charged that defendants' conduct violated both state *and* federal law and has expressly grounded her claim for relief on "defendants' blatant violation of federal" law. In light of this, the court concludes that federal question jurisdiction exists and that defendants' removal was therefore proper.

Accordingly, it is ordered that plaintiffs' motion to remand is denied.