Motion for Rehearing Overruled








 

Motion
for Rehearing Overruled.  Affirmed and Memorandum Opinion of August 16, 2007
Withdrawn, and Memorandum Opinion on Rehearing filed October 25, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00694-CV

____________

 

YIGAL BOSCH, Appellant

 

V.

 

PROVIDENT AMERICAN LIFE AND HEALTH
INSURANCE COMPANY, Appellee

 



 

On Appeal from the 113th
District Court

Harris  County, Texas

Trial Court Cause No. 03-21015B

 



 

M E M O R A N D U M   O P I N I O N   O N   R E H E A R I N G








We overrule Bosch=s motion for
rehearing.  The opinion of August 16, 2007 is withdrawn and this opinion is
substituted therefor.  Yigal Bosch appeals from a summary judgment in favor of
Provident American Life and Health Insurance Company.  In five issues, Bosch
argues that the trial court erred: (1) in finding that Provident properly cancelled
his insurance policy, (2) in finding that Provident did not breach the
insurance policy, (3) in finding that he did not suffer mental anguish and
damage to his credit as a result of Provident=s acts and
omissions, (4) in finding that Provident did not recklessly and intentionally
deny him coverage, and (5) by failing to make findings of fact and conclusions
of law.  We affirm. 

I.  Background

Bosch originally filed claims against Provident, Dallas
General Life Insurance Co., and Ceres Group, Inc. alleging breach of contract
and intentional, negligent, and grossly negligent infliction of mental distress
related to health insurance policies he obtained or attempted to obtain from
them.  The trial court granted summary judgment against all of Bosch=s claims.  On
appeal, this Court reversed and remanded Bosch=s breach of contract
causes of action against Provident and Dallas General (ABosch I@).  Bosch v.
Dallas Gen. Life Ins. Co., No. 14-04-00661-CV, 2005 WL 757254, at *9 (Tex.
App.CHouston [14th
Dist.] Apr. 5, 2005, no pet.) (mem. op.).  We also reversed and remanded
certain damages claims related to Bosch=s breach of
contract cause of action against Provident.  The remainder of the summary
judgment was affirmed.  Id. 

Following remand, Bosch amended his petition in an attempt
to add claims against Provident for (1) mental anguish, (2) damage to his
credit, and (3) reckless and intentional denial of his application for
insurance in violation of 42 U.S.C. Section 300gg.  Provident moved for summary
judgment on both no-evidence and traditional grounds against all of Bosch=s claims in its
motion and supplemental motion for summary judgment.  The trial court granted
summary judgment against Bosch on all claims except his breach of contract
cause of action.  Provident filed a motion for reconsideration with respect to
the breach of contract cause of action, upon which the trial court granted
summary judgment.  Following its dismissal of all of Bosch=s claims against
Provident, the trial court severed all claims against Provident and directed
that such cause be final.[1]









II.  Standard of Review

In considering the trial court=s grant of summary
judgment, we utilize the normal standards of review.  See Tex. R. Civ. P. 166a(c), (i); King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750B51 (Tex. 2003)
(no-evidence standard); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548B49 (Tex. 1985)
(traditional standard).  The trial court in this case did not designate which
grounds it relied on in granting summary judgment; therefore, we must analyze
all of the grounds and affirm on any of them that are meritorious.  See
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex.
2003).  

III.  Analysis

A.      Breach of
Contract

In his first two issues, Bosch contends that the trial
court erred in granting summary judgment on his breach of contract claim.  In
his first issue, the contract provision alleged to have been breached (both now
on appeal and in Bosch I) is a notice provision in the insurance agreement with
Provident providing:

The covered member=s coverage under the policy will end at 12:01 A.M. standard time in the
covered member=s state of residence on the
earliest of:

. . . the premium due date following the date which we terminate all
Certificates under this policy in the covered member=s state of residence on the covered
member=s effective date of coverage. We
will give the covered member 90 days notice prior to the date of termination
and will offer the covered member coverage under any other policy which we are
currently marketing in the covered member=s state; or

the premium due date following the
date which we terminate all Certificates in the covered member=s state of
residence on the covered member=s effective date of coverage. We will give
the covered member 180 days notice prior to the date of termination . . . .  We
can only terminate the policy upon 90 days prior written notice if we offer the
policy holder coverage, on a guaranteed basis, under any other policy which we
are currently marketing or upon 180 days prior written notice if we terminate
all of our policies in the state of delivery.








In
Bosch I, we found that Provident had not conclusively proven the provision of
proper advance notice of cancellation as required by the above-referenced provision. 
Bosch, 2005 WL 757254, at *3.  In this appeal, Provident concedes a fact
issue with regard to whether Bosch received advance notice of cancellation
under the policy=s termination provision. 

Provident argues that it could not have breached the
contract with Bosch by failing to give notice because no valid contract with
Provident existed at the time Bosch sought coverage.  To recover under a breach
of contract cause of action, a plaintiff must show: (1) the existence of a
valid contract, (2) performance or tendered performance by the plaintiff, (3)
breach of the contract by the defendant, and (4) damages sustained as a result
of the breach.  Renteria v. Trevino, 79 S.W.3d 240, 242 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  Provident, as movant for summary judgment, had the
burden to establish by competent summary judgment evidence that there was no
genuine issue of material fact as to one or more essential elements of Bosch=s cause of
action.  See Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex.
1999).  

The summary judgment record reflects that Bosch admitted
receiving actual notice that his policy had been cancelled on October 17,
2001.  Bosch admits that he received replacement coverage from Dallas General
effective January 1, 2002.  Bosch further admits that he incurred no additional
medical expenses before the Dallas General Coverage became effective. 
Provident argues that even if the insurance certificate had been in force,
Bosch=s coverage
terminated automatically by its own terms once Bosch received actual notice of
termination on October 17, 2001, then obtained replacement coverage with
another carrier.  In support of its argument, Provident cites two provisions in
the insurance certificate, which provide that any continuing coverage or
converted coverage is automatically cancelled once replacement coverage is
obtained. 








In response, Bosch argues that Provident violated the
provision in the insurance agreement that states A[w]e can only
terminate the policy . . . upon 180 days prior written notice if we terminate
all of our policies in the state of delivery.@  Bosch contends
that because Provident did not offer him replacement coverage, the policy was
extended to 180 days from the date of notice, which would have covered his
medical expenses.  However, Bosch did not plead this claim at trial.  In his
amended petition, the only claim Bosch raised with regard to breach of contract
was the lack of notice of cancellation.  He did not raise the issue of
replacement coverage.  We cannot consider any ground for reversal of summary
judgment that was not expressly presented to the trial court.  See City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  

Even if Bosch had properly pled this theory, the insurance
certificate was automatically cancelled under its own terms when Bosch obtained
coverage from Dallas General.  Because Provident established as a matter of law
that no valid contract existed at the time medical expenses were incurred, the
trial court correctly granted summary judgment on the breach of contract
action.  We overrule Bosch=s first and second issues.

B.      Damages

In his third issue, Bosch contends that the trial court
erred in finding no mental anguish and damage to his credit resulting from
Provident=s acts and omissions.  We first note that Bosch
labeled these two claims as separate causes of action in his amended petition
following remand.  However, in Bosch I, which Bosch references as controlling
to the disposition of the claims in this appeal, we addressed these two claims
as damages related to Bosch=s breach of contract cause of action.  See
Bosch, 2005 WL 757254, at *4 (analyzing mental anguish and damage to
credit under the ADamages Issues@ section).  If we
construe Bosch=s claims as damage issues related to his breach of
contract cause of action, then those damages fall with the breach of contract
cause of action, which we find was properly dismissed.  Assuming arguendo that
Bosch intends for these claims to be separate causes of action, the trial court
still did not err in dismissing those claims.[2] 









With respect to Bosch=s mental anguish
cause of action, Bosch fails to offer any authority permitting a separate cause
of action for mental anguish.  As mentioned above, Bosch brought various claims
in Bosch I for infliction of emotional distress; however, dismissal of those
claims was affirmed in Bosch I and would therefore be precluded from being
raised again on remand.  See Hudson, 711 S.W.2d at 630.  As to his
damage to credit cause of action, Bosch again fails to cite any law providing
for a separate cause of action.  Although damages for harm to credit reputation
exist in law, such as under a violation of the Texas Deceptive Trade Practices
Act or Insurance Code, see Provident American Insurance Co. v. Castaneda,
988 S.W.2d 189, 199 (Tex. 1998); St. Paul Surplus Lines Insurance Co. v.
Dal-Worth Tank Co., 974 S.W.2d 51, 52B53 (Tex. 1998),
Bosch has failed to offer any evidence supporting the elements of such causes
of action.  Consequently, the trial court did not err in dismissing Bosch=s claims for
mental anguish and damage to his credit.  We overrule Bosch=s third issue.

C.      Violation
of 42 U.S.C. ' 300gg








In his fourth issue, Bosch complains that the trial court
erred Ain finding that
Provident did not recklessly and intentionally denied [sic] Bosch coverage.@  Bosch=s amended petition
alleged that Provident Arecklessly and intentionally@ denied his
application for insurance in violation of 42 U.S.C. ' 300gg C, 2, A. 
In arguing such a violation, Bosch alleged that after he applied for coverage
with Central Reserve Life Insurance (ACRL@), which he
claimed to be the alter-ego of Provident, CRL waited until the time period
under 42 U.S.C. ' 300gg for applying as an eligible
individual for health coverage expired, thus preventing him from Aobtaining coverage
under the eligible individual laws.@  Setting aside
the question of whether Bosch can bring a claim against Provident for the
actions of CRL, it is clear that no private right of action exists under 42
U.S.C. ' 300gg.  See
Univ. of Colo. Hosp. Auth. v. Denver Publ=g Co., 340 F. Supp. 2d
1142, 1145 (D. Colo. 2004); Brock v. Provident Am. Ins. Co., 144 F.
Supp. 2d 652, 657 (N.D. Tex. 2001); O=Donnell v. Blue
Cross Blue Shield of Wyoming, 173 F. Supp. 2d 1176, 1180 (D. Wyo.
2001).  We overrule Bosch=s fourth issue.

D.      Failure to
File Findings of Fact and Conclusions of Law

In his final issue, Bosch argues that the trial court
reversibly erred by failing to make findings of fact and conclusions of law
upon his request.  In the context of summary judgment, it is improper for a
trial court to make findings of fact and conclusions of law.  IKB Indus.
(Nigeria) Ltd. v. Pro‑Line Corp., 938 S.W.2d 440, 441 (Tex. 1997)
(citing Linwood v. NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994)); Baker
Hughes Oilfield Operations, Inc. v. Hennig Prod. Co., 164 S.W.3d 438, 442
(Tex. App.CHouston [14th Dist.] 2005, no pet.).  Bosch=s contention is
therefore without merit.  We overrule his final issue.

The judgment of the trial court is affirmed.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion on Rehearing filed October 25, 2007.

Panel consists of
Chief Justice Hedges and Justice Guzman and Senior Justice Hudson.*









[1]  At that point in time, the trial court had also
granted summary judgment with respect to all claims against Dallas General;
however, Dallas General still had a counterclaim pending against Bosch.





[2]  Bosch would not be prevented from bringing new
causes of action on remand from Bosch I, assuming the new causes of action are
not substantially the same as issues already decided in Bosch I.  See Hudson
v. Wakefield, 711 S.W.2d 628,630 (Tex. 1986).  Bosch, however,
bases his argument in this appeal on the law of the case from Bosch I in which
we analyzed his mental anguish and damage to his credit claims as damages
related to his breach of contract cause of action, suggesting that he intends
the two claims to be analyzed here as damage claims.   





*  Senior Justice J. Harvey Hudson sitting by
assignment.