**M.P. MEANS, et al., Plaintiffs,**

**v.**

**The INDEPENDENT LIFE AND ACCIDENT INSURANCE CO., et al., Defendants.**

**Civil Action No. 97–491–N.**

United States District Court,
M.D. Alabama.

May 20, 1997.

**1132**

W. Lewis Garrison, Jr., Kathryn H. Sumrall, Jackson, Garrison & Sumrall, P.C., Birmingham, AL, Charles E. Robinson, Jr., Ashville, AL, for plaintiffs.

Michael Lester Bell, William Harris Morrow, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for defendants.

### *MEMORANDUM OPINION*

ALBRITTON, District Judge.

### I. *INTRODUCTION*

This cause is before the court on a Motion to Remand, filed by the Plaintiffs, M.P. and Mattie Means ("the Plaintiffs") on April 7, 19⁷ 7.

The Plaintiffs originally filed state law claims for fraud, breach of fiduciary duty, and outrage in the Circuit Court of Lowndes County. Independent Life and Accident Insurance Company and Eric Anderson ("the Defendants"), subsequently filed a Notice of Removal on April 2, 1997, stating that this court had subject matter jurisdiction because

the Plaintiffs' Complaint presented claims arising under federal law.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

### II. *FACTS*

The Plaintiffs allege that they purchased two hospitalization insurance policies from the Defendants in 1954 which, under the terms of the policies, reduced in benefits by 50%' when the insured reached age 65 and terminated when the insured reached age 70. The Plaintiffs also alleged that they purchased another hospitalization policy in 1971 which terminated the day before the insured became eligible for Medicare. According to the Plaintiffs, even though the policies terminated or were reduced in benefits, they continued to pay insurance premiums on these policies, have not been refunded their premiums, and were never told that the policies had terminated, or that benefits in the policies were covered by Medicare and Medicaid.

### III. *STANDARD FOR A MOTION TO REMAND*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

### IV. *DISCUSSION*

Removal of a case to federal court is only proper if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). In this case, the Defendants argue that removal was proper because the

court has federal question jurisdiction. Federal question jurisdiction requires that the action arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. In deciding whether a federal question exists, the court must apply the well-pleaded complaint rule whereby the court looks to the face of the complaint, rather than to any defenses asserted by the defendant. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). Consequently, the general rule is that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption. *See Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430.

■ There are, however, exceptions to the well-pleaded complaint rule. One exception is known as the "complete preemption" doctrine. *Id.* Where the removal petition demonstrates that the plaintiffs claims, although couched in the language of state law claims, are federal claims in substance, the preemptive force of federal law provides the basis for removal jurisdiction. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). This exception is recognized in the rare instance that Congress so "completely pre-empts a particular area that any civil complaint ... is necessarily federal in characte." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The inquiry for complete preemption is jurisdictional in nature and focuses on whether Congress intended to make the plaintiffs cause of action federal and removable despite the fact that the plaintiffs complaint only pleads state law claims. *Whitman v. Raley's Inc.,* 886 F.2d 1177, 1181 (9th Cir.1989).

■ A second exception to the well-pleaded complaint rule is that a plaintiff cannot avoid federal jurisdiction by "omitting to plead necessary federal questions in a complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 2853, 77 L.Ed.2d 420 (1983) (citations omitted). In *Franchise Tax*

*Board,* the Supreme Court stated that although a plaintiffs cause of action is created by state law, the "case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Id.* at 13, 103 S.Ct. at 2848. In other words, "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.*

### 1. Complete Preemption

■ The Defendants have argued that the Plaintiffs' claims are completely preempted under 42 U.S.C. § 1395ss as amended by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Defendants point specifically to those portions of the Plaintiffs' Complaint in which they refer to Medicare. For example, the Plaintiffs stated that the "defendants concealed from plaintiffs the value of the insurance they allegedly had. When plaintiffs became eligible for Medicare at the age of 65, the vast majority of the benefits under this policy were covered by Medicare." Complaint, ¶ 12.

Three factors have been identified as critical to a finding of "complete preemption." First, the "touchstone of the federal district court's removal jurisdiction is ... the intent of Congress." *Metropolitan,* 481 U.S. at 66, 107 S.Ct. at 1548. Second, it is not sufficient that the federal law preempt the state law claim; the federal law must also "displace" the state law claim with a cause of action. *Id.* at 60, 107 S.Ct. at 1544–45. Third, the jurisdictional and enforcement provisions of ERISA and the LMRA must have a close parallel in the federal law at issue. *Id.* at 65, 107 S.Ct. at 1547; *see also Monday v. Coast to Coast Wireless Cable,* No. CV–96–A–1321–N, CV–96–A–1539–N, CV–96–A–1720–N, CV–96–A–1722–N, CV–96–A–1723–n, CV–96–A–1725–N, 1997 WL 114874 (M.D.Ala. Feb. 19, 1997).[1]

---

1. The court notes the Plaintiffs' argument that the doctrine of complete preemption is irrelevant because the statute which the Defendants have relied upon is not applicable to the insurance policies upon which they bring their claims. The Plaintiffs state that the HIPAA applies to insur-

The Defendants have cited a specific provision of the HIPAA and have argued that this provision indicates Congress' intent to completely preempt the Plaintiffs' claims. Under the HIPAA

A State may not declare or specify, in statute, regulation, or otherwise, that a health insurance policy (other than a Medicare supplemental policy) or rider to an insurance contract which is not a health insurance policy, that is described in clause (iv), (v), (vi)(III) and that is sold, issued or renewed to an individual entitled to benefits under part A or enrolled under part B "duplicates" health benefits under this subchapter or under a Medicare supplemental policy.

42 U.S.C. § 1395ss(d)(3)(A)(viii)(II)(199). The Defendants state that this provision expressly preempts state law claims that seek to declare a health insurance policy to be duplicative and, therefore, indicates Congress' intent to completely preempt. The Defendants also argue that by enacting the HIPAA, Congress indicated its intent to provide federal control of health insurance fraud. The Defendants' argument, therefore, apparently is that even if the Plaintiffs do not seek relief under the HIPAA, the relief that they seek was intended to be precluded by Congress because it is a state, rather than a federal, attempt to regulate health insurance fraud.

In determining whether Congress intended ERISA to make state law claims removable to federal court, the United States Supreme Court looked to evidence of intent in the Congressional Record and in a House of Representatives Conference Report. *Metropolitan Life*, 481 U.S. at 65–66, 107 S.Ct. at 1547 (" 'All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in a similar fashion to those brought under section 301 of the [LMRA]' H.R.Conf.Rep. No. 93–1280 p. 327 (1974)"). Therefore, this court reviewed the legislative history of the HIPAA for evidence of Congressional intent to preempt state law regulation. A House Report

"Overview" states that "[w]hile States are meeting some success in curbing Medicaid fraud, the absence of Federal leadership has kept States from making the best use of the resources they do have to combat fraud." H.R. Rep. 104–861. This statement indicates to the court that while Congress intended to provide for more federal regulation of fraud, Congress did not intend to take the regulation of fraud completely out of the hands of the states. With respect to the HIPAA provision cited by the Defendants, the legislative history reflects that

The conference agreement would further modify the language relating to State actions. The law would specifically state that nothing in the provision restricts or precludes a State's ability to regulate health insurance, including the policies subject to disclosure requirements. However, a State may not declare or specify, in statute, regulation, or otherwise, that a health insurance policy ... or a rider to an insurance contract which is not a health insurance policy that pays regardless of other coverage duplicates Medicare or Medigap benefits.

H.R. Conf. Rep. No. 104–736 (1996). The intent of Congress, therefore, apparently was to prevent a state from declaring that a policy duplicates Medicare or Medigap benefits as long as that policy falls into one of the HIPAA categories of policies that pay benefits regardless of other coverage. However, this provision does end the complete preemption inquiry. *See Wright v. Combined Insurance Co. of America*, 959 F.Supp. 356, 362–63 (N.D.Miss.1997) (express preemption provision in HIPAA is not sufficient for a finding of complete preemption).

The second complete preemption analysis factor is that federal law must "displace" the state law claim with a cause of action. *Burke v. Humana Ins. Co.*, Nos. C.A. 95–T–299–N, 95–T–300–N, 1995 WL 841678 at *3 (M.D.Ala. May 11, 1995). Under this inquiry, the distinction between ordinary federal preemption and complete preemption is

---

ance policies certified as supplemental insurance policies and that the policies in the instant case are not such policies. However, a section of the HIPAA cited by the Defendants refers to health insurance policies "other than a Medicare supplemental policy." § 1395ss(d)(3)(A)(viii)(II) (1996).

raised. *Monday,* 1997 WL 114874, at *6. In other words, the issue in the instant case is whether the HIPAA merely preempts state law by establishing the definition of "duplicative," or whether it creates an independent and exclusive federal cause of action. *See id.*

The Plaintiffs point out that the HIPPA provides for no federal cause of action; instead, the HIPAA provides for an enforcement mechanism for the Secretary of Health and Human Services. Furthermore, the Defendants have failed to point to any, and the court finds no, evidence of congressional intent to create a private right of action under the HIPAA. *See Wright,* 959 F.Supp. 356, 362–63, (no evidence of manifest congressional intent in the HIPAA to create a federal cause of action which is removable).

The third inquiry under complete preemption analysis involves a comparison of the jurisdictional grant in the statute at issue and the jurisdictional grants in the civil enforcement provisions of ERISA and the LMRA. The Defendants have failed to point to any, and the court finds no, jurisdictional grant in the HIPAA similar to that of ERISA or the LMRA. *See also Wright,* 959 F.Supp. at 362–63 (finding no specific jurisdictional grant under HIPAA). It has also been held that, before the HIPAA amendments, the Medicare and Medicaid laws lacked a sufficiently specific jurisdictional grant to require complete preemption. *See Burke,* 1995 WL 841678 at *3.

In light of the application of the three factors of complete preemption analysis, this court concludes that the doctrine of complete preemption does not confer subject matter jurisdiction in the instant case.[2]

### 2. Arising Under Jurisdiction Due to Application of Federal Law

■ The Defendants have alternatively argued that this court has subject matter jurisdiction because the Plaintiffs' claims require the construction and application of the HI-PAA and, therefore, arise under the laws of the United States.

■ "[L]ower federal courts [have] jurisdiction to hear ... only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Board,* 463 U.S. at 27–28, 103 S.Ct. at 2856. Although an action may arise under federal law if the right to relief under state law requires resolution of a substantial question of federal law, the mere presence of a federal issue does not automatically confer federal-question jurisdiction. *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). Furthermore, the Supreme Court has found that federal law is not a part of a state law claim when the federal law affords no private right of action. *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 805, 106 S.Ct. 3229, 3230–31, 92 L.Ed.2d 650 (1986). While the absence of a federal private remedy is not necessarily dispositive, there must be a significantly compelling reason for the assertion of federal question jurisdiction where, as in the instant case, there is an absence of a private remedy. *Dickinson v. Cosmos Broadcasting Co., Inc.,* No CV 91–T–072–N, 1991 WL 715723 (M.D.Ala. April 1, 1991).

The Defendants have argued that the Plaintiffs' state law claims depend on a finding of duplicative coverage. The Defendants are apparently contending that in order to bring a claim for fraudulent suppression or failure to disclose, the Plaintiffs will have to rely on the HIPAA to prove that there was a true material fact which was suppressed. In other words, because the HIPAA defines "duplicative coverage," the Plaintiffs will not be able to prove that the Defendants suppressed the existence of duplicative coverage without reference to the HIPAA.

---

2. In the Notice of Removal, the Defendants cite to § 271(c) of the HIPAA and state that under this "Transitional Provision," the Plaintiffs' claims are preempted. The court agrees with the Plaintiffs' reading of this provision, however, that § 271(c) appears to apply solely to actions for penalties for violation of the HIPAA. Even if it did apply, however, it could be a basis for a defense of preemption, but would not alter the court's analysis of the application of the doctrine of complete preemption.

The Plaintiffs argue that while they may have referenced federal law by referring to Medicare benefits, they have not sought to bring a claim which would require an interpretation of the HIPAA. They contend that it is not necessary to refer to the HIPAA to determine if the insurance policies provided statutorily-defined "duplicative coverage" because the existence of Medicare benefits was itself a material fact, regardless of whether the issued policies provided duplicative coverage. Stated another way, whether or not the insurance policies at issue fall into the HIPAA's definition of "duplicative coverage," the Defendants allegedly failed to disclose to the Plaintiffs the material fact that Medicare would cover their costs. Furthermore, merely because the Plaintiffs referenced federal law does not mean that their state law claims require an application of federal law. The Eleventh Circuit has held that state law claims do not confer federal question jurisdiction merely because they reference federal law in establishing an element of the state law claim. *See eg. Hill v. Marston*, 13 F.3d 1548, 1550 (11th Cir.1994). Consequently, this court concludes that the Plaintiffs' state law claims can be brought without the need for resolving a substantial question of federal law.

## V. *CONCLUSION*

For reasons discussed, this court finds that the Plaintiffs' state law claims are not completely preempted, nor do they present a federal question. Because this court lacks subject matter jurisdiction, the Plaintiffs' Motion to Remand is due to be GRANTED. A separate order will be entered in accordance with this Memorandum Opinion.