Dixie M. O'DONNELL Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF
WYOMING Defendant.

No. 01–CV–1029–B.

United States District Court,
D. Wyoming.

Nov. 8, 2001.

Stephen R. Winship, Winship & Associates, Casper, for Plaintiff.

Brent R. Kunz, John B. Speight, Amanda Louise Hunkins, Hathaway, Speight & Kunz, Cheyenne, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

BRIMMER, District Judge.

The matter is currently before the Court on Defendant's Motion to Dismiss, pursuant to F.R.Civ.P. 12(b)(1), lack of subject matter jurisdiction. Upon reading the briefs, hearing oral arguments, and being fully advised of the premises, the Court FINDS and ORDERS as follows:

#### Statement of the Parties

Plaintiff, Dixie O'Donnell, was and continues to be a resident of Natrona County, Wyoming. Defendant, Blue Cross and

Blue Shield of Wyoming, is a corporation duly authorized to conduct business in the State of Wyoming.

### Background

The following facts are taken from Plaintiff's complaint. In 1991, Plaintiff received medical treatment for an injury to her cervical spine area. On February 16, 1994, Plaintiff obtained medical insurance with Defendant. As part of the policy, Plaintiff agreed that treatment of her cervical spine, and/or secondary complications, or any conditions related thereto was excepted from coverage.

In June 1997, Plaintiff's policy was amended by an endorsement in response to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, *et seq.* Under this endorsement, the definition of "pre-existing conditions" was changed to mean a condition for which medical advice, diagnosis, care or treatment was recommended or received within a six month period immediately preceding the effective date of coverage.

On February 2, 1999, Defendant authorized Plaintiff to undergo back surgery related to her cervical spine condition. After Plaintiff's surgery, Defendant paid $203.00 of Plaintiff's claim. However, Defendant later denied all other claims related to the treatment of Plaintiff's cervical condition in the amount of $29,077.31. Defendant's action was based upon its belief that Plaintiff's claims were incurred for a condition which was excluded from her coverage.

Plaintiff now brings several causes of action, including breach of contract, estoppel, false misrepresentation, breach of the implied covenant of good faith and fair dealing, and a violation of the Health Insurance Portability and Accountability Act of 1996. Defendant now moves to dismiss, claiming this Court lacks subject matter jurisdiction.

On August 16, 2001 the parties appeared before the Court on the Defendant's Motion to Dismiss. At that time the Court ordered the parties to brief the issue of whether an individual can maintain a private right of action under the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg *et seq.* ("HIPAA"). On September 28, 2001, the parties appeared before the Court for a supplemental hearing on the Defendant's Motion to Dismiss.

### Analysis

In her complaint Plaintiff claims the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Section 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ In order to determine whether a claim arises under federal law, the Court must apply the well-pleaded complaint rule, whereby the Court looks to the face of the complaint, rather than to any defense asserted by the defendant, to determine if the question arises under federal law. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *see also Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908). In the present case, Count II of the Plaintiff's Complaint alleges that "the exception to coverage asserted by Defendant as the basis for the denial of the subject claims violates the handling of claims for pre-existing conditions under 42 U.S.C. § 300gg." In response the Defendant filed a Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(1), on the ground that this Court lacks subject matter jurisdiction.

■ Where the Plaintiff asserts a state law cause of action, that arises from feder-

al law for this Court to have subject matter jurisdiction the resolution of the issue must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action. *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir.2001). The task of this Court is to determine from the Plaintiff's complaint whether the Court possesses subject matter jurisdiction, pursuant to 28 U.S.C. § 1331. The Court finds that it does not have jurisdiction.

In response to Defendant's Motion to Dismiss, Plaintiff concedes that under the "plain meaning" doctrine of statutory construction, there is no specific right of enforcement for a violation under HIPAA, 42 U.S.C. §§ 300gg–22 and–61. However, Plaintiff contends that the Court has jurisdiction over this matter by one of three alternative methods: 1) HIPAA provides for an implied private cause of action; 2) Plaintiff's complaint involves a substantial federal question; or 3) HIPAA preempts Plaintiff's state law issues. After a complete review of these theories, the Court **FINDS** that it lacks subject matter jurisdiction over this action.

**1) Implied Private Cause of Action**

■ Upon review of HIPAA's enforcement provisions, the Court, in agreement with both parties finds that HIPAA does not expressly provide for a private cause of action. However, the question remains whether HIPAA creates an implied private cause of action.

■ In order to determine whether a private cause of action is implicit in a statute not expressly providing one, the critical inquiry is whether Congress intended to create a private cause of action. *Sonnenfeld v. Denver*, 100 F.3d 744, 746 (10th Cir.1996); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 2488–2489, 61 L.Ed.2d 82 (1979).

More recently the United States Supreme Court, addressed the role of the judiciary in "finding" private causes of action. *Alexander v. Sandoval,* 531 U.S. 1049, 532 U.S. 275, 121 S.Ct. 1511, 1522, 149 L.Ed.2d 517, 532 U.S. 275 (2001) (holding there is no private right of action to enforce disparate-impact regulations promulgated under Title VI. In *Alexander,* the United States Supreme Court stated:

Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. The Judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common laws courts, but not for federal tribunals.

*Alexander,* 121 S.Ct. at 1519–20 (citations omitted). The Supreme Court went on to note that when searching for Congressional intent the inquiry must begin with the structure and text of the statute. *Id.* at 1521.

The pertinent enforcement provisions of HIPAA, 42 U.S.C. § 300gg–22 state:

*(a) State enforcement*

(1) State authority. Subject to section 300gg–23 of this title, each State may require that health insurance issuers that issue, sell, renew, or offer health insurance coverage in the State in the small or large group markets meet the requirements of this part with respect to such issuers.

(2) Failure to implement provisions. In the case of a determination by the Sec-

retary that a State has failed to substantially enforce a provision (or provisions) in this part with respect to health·insurance issuers in the State, *the Secretary shall enforce such provision (or provisions) under subsection (b) of this section* insofar as they relate to the issuance, sale, renewal, and offering of health insurance coverage in connection with group health plans in such State.

*(b) Secretarial enforcement authority*

(1) Limitation. The provisions of this subsection *shall apply to enforcement of a provision (or provisions) of this part only—*
*(A) as provided under subsection (a)(2) of this section; and(B) with respect to group health plans that are non-Federal governmental plans.*

42 U.S.C. § 300gg–22(a), (b)(emphasis added).

■■■ Review of HIPAA's enforcement provisions reveals no congressional intent to create a private right or remedy. In fact, HIPAA·appears to specifically limit enforcement actions to be brought only by the respective states or the Secretary of Health and Human Services. The limited enforcement power under HIPAA is further demonstrated in § (a)(2), which provides if the states after requiring compliance with HIPAA fail to enforce provisions of HIPAA, then the Secretary "shall enforce such provisions under subsection (b)." 42 U.S.C. § 300gg–22(a), (b). There are no provisions made in the statute for private enforcement when neither the state, nor the Secretary undertake enforcement action. As stated in *Alexander*, the express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others. *Alexander*, 121 S.Ct. at 1521–22. Thus, the Court finds that Congress did not intend to create an implied private cause of action.

This Court is not alone in finding that a private cause of action, implied or express, does not exist under HIPAA. *See, Means v. Independent Life and Acc. Ins. Co.*, 963 F.Supp. 1131, 1135 (M.D.Ala.1997); *Brock v. Provident America Ins. Co.*, 144 F.Supp.2d 652, 657 (N.D.Tex.2001); and *Wright v. Combined Insurance Co. of America*, 959 F.Supp. 356, 362–63 (N.D.Miss.1997), (no private cause of action under HIPAA as been found). Each of these cases involve: 1) a plaintiff bringing the original action in state court, under state law claims; 2) a defendant removing the case to federal court based on federal question jurisdiction under HIPAA; and 3) the court remanding the case back to state court for lack of subject matter jurisdiction. Although the present case is not a removal action, it does not affect the precedential value of the above cases toward the issues before the Court.

In *Means*, the court stated:

The Plaintiffs point out that the HIPAA provides for no federal cause of action; instead, the HIPAA provides for an enforcement mechanism for the Secretary of Health and Human Services. Furthermore, the Defendants have failed to point to any, and *the court finds no, evidence of congressional intent to create a private right of action under HIPAA.*

*Id.* at 1134 (emphasis added).

In *Brock*, the court stated:

[T]he presence of a federal remedy in a statute is a minimum threshold requirement to determine whether Congress intended for federal courts to adjudicate state-court actions. [W]e begin with the minimum requirement that the federal statutes involved provide a private, federal remedy. Here, as in that case, [*Merrell Dow* ] no private remedy exists. That is the end of the issue, and has

been since the Supreme Court decided *Merrell Dow.*

*Id.* at 656.

In deciding that a plaintiff's state law claims were not completely preempted, and comparing HIPAA to the Employment Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA") the court in *Wright,* stated:

> In HIPAA, the undersigned cannot find any manifest congressional intent to create a new federal cause of action which is removable to federal court. Further, the only relevant provisions of the Act relate to its preemptive effect of state law, but not to the complete preemption factors dictated by Aaron. Again, this court must stress that the fact that state law claims may be preempted under HIPAA is not conclusive as to whether those claims are removable to this court.

*Wright,* 959 F.Supp. at 362 (emphasis added).

## 2) Substantial Federal Question:

Plaintiff contends that even if no private right of action exists under HIPAA, this Court may still exercise jurisdiction where there is a substantial question of federal law. Plaintiff relies on *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). In *Franchise Tax Board* the United States Supreme Court stated:

> Even though state law creates appellant's causes of action, its case might still "arise under" the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties.

*Id.* at 13. In *Franchise Tax Board,* the Supreme Court held it did not have jurisdiction over the issue of whether ERISA permits state tax authorities to collect unpaid state taxes from a benefit plan covered by ERISA. *Id.* at 7, 103 S.Ct. 2841.

Further, in *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)the United States Supreme Court stated:

> Far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction. Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system. *We simply conclude that the congressional determination that there should be no federal remedy for violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently substantial to confer federal-question jurisdiction.*

*Merrell Dow,* 478 U.S. at 814, 106 S.Ct. 3229.[1] (emphasis added).

1. The facts of *Merrell Dow* may be summarized as follows: Plaintiffs were residents of Canada and Scotland. They filed separate complaints in an Ohio state court against Merrell Dow, the manufacturer of the drug Bendectin, alleging that children were born with deformities as a result of their mothers' ingesting Bendectin during pregnancy. The Plaintiffs' complaint alleged the common law theories of negligence, breach of warranty, strict liability, fraud, and gross negligence. Plaintiffs also added a count alleging that Merrell Dow's misbranding of the drug violated the Federal Food, Drug & Cosmetic Act, which constituted at least a rebuttable presumption of negligence, if not negligence per se. Merrill Dow then sought removal of the action to federal district court on the ground

■ In light of *Merrell Dow* and it's interpretation of *Franchise Tax Board,* and upon review of the statutory enforcement provisions of HIPAA, it is clear that Congress did not intend to create an implied private right of action. Thus, an attempt to privately enforce HIPAA does not in itself create a substantial question of federal law.

Plaintiff contends that HIPAA's enforcement provisions reflect an intent that federal courts interpret and enforce HIPAA allowing for more uniform implementation and enforcement. Plaintiff implies that HIPAA would be frustrated if it were interpreted by a state court. Addressing a similar argument in *Merrell Dow,* the United States Supreme Court found that:

> Petitioner's concern about the uniformity of interpretation, moreover, is considerably mitigated by the fact that even if there is no original district court jurisdiction for these kinds of action, this Court retains power to review the decision of a federal issue in a state cause of action.

*Merrell Dow,* 478 U.S. at 816, 106 S.Ct. 3229.

The question now turns to whether Count II of Plaintiff's Complaint[2] in fact involves or creates a substantial question of federal law. In order to determine whether Plaintiff's cause of action involves a substantial question of federal law: "What is needed is something of that common-sense accommodation of judgment to kaleidoscopic situations which characterizes the law in its treatment of causation . . . a selective process which picks the substantial causes out of the web and lays the other ones aside." *Gully v. First National Bank,* 299 U.S. 109, 117–18, 57 S.Ct. 96, 99–100, 81 L.Ed. 70 (1936).

■ Regarding the requirement of substantiality of federal law, the United States Supreme Court in *Merrell Dow* stated:

> We do not believe the question whether a particular claim arises under federal law depends on the novelty of the federal issue. Although it is true that federal jurisdiction cannot be based on a frivolous or insubstantial federal question, the interrelation of federal and state authority and the proper management of the federal judicial system would be ill served by a rule that made the existence of federal-question jurisdiction depend on the district court's case-by-case appraisals of the novelty of the federal question asserted as an element of the state tort. The novelty of an FDCA issue is not sufficient to give it status as a federal cause of action; nor should it be sufficient to give a state-based FDCA claim status as a jurisdiction-triggering federal question.

*Merrell Dow,* 478 U.S. at 817. Although Plaintiff's Complaint, Count II argues that Defendant's actions must be judged as a violation of HIPAA, Plaintiff's cause of action does not substantially arise under federal law. The essence of Plaintiff's Count II is that Defendant, after incorporating the pre-existing condition requirements of HIPAA in it's June 13, 1997, letter and amendment to the Plaintiff, violated the spirit of HIPAA, and terms of the June 13, 1997, amendment by failing to cover Plaintiff's surgery. Addressing the impact of Defendant's amendment of July 13 will not require a court to directly decide whether the terms of HIPAA have been violated. Nor will it implicate a substantial federal issue.

---

that both actions were founded, in part, on a claim arising under the laws of the United States.

**2.** Alleging that Defendant's denial of Plaintiff's medical claim violates HIPAA'S requirements involving pre-existing conditions.

■ Additionally, in the present case Plaintiff's cause of action fails to invoke a substantial federal interest because absent her alleged federal claim, were Plaintiff to prove her case, she could still potentially recover damages for breach of contract, estoppel, false misrepresentation, and breach of the implied covenant of good faith and fair dealing. *See Brock v. Provident America Ins. Co.,* 144 F.Supp.2d, 652, 661 (2001). Further evidence demonstrating the lack of a substantial federal issue is that of the Plaintiff's eight causes of action only Count II involves HIPAA in any manner. And as stated above, the resolution of HIPAA's impact on Count II can be made with little or no direct interpretation of HIPAA. The mere fact that a state court may look to federal law to aid it in construing a portion of a state cause of action does not turn the state cause of action into a federal question or cause of action. *Brock,* 144 F.Supp 2d at 658; *Merrell Dow,* 478 U.S. at 813, 106 S.Ct. at 3234, 92 L.Ed.2d 650.

In light of the Supreme Court's decision in *Merrell Dow,* and the Tenth Circuit's interpretation, which requires "that a state law cause of action must necessarily turn on a substantial question of federal law, and that federal law in turn must create a private cause of action", this Court may not exercise jurisdiction over Plaintiff's cause of action. *Rice v. Office,* 260 F.3d at 1245.

**3) Preemption:**

Plaintiff claims that HIPAA preempts her state law claims thereby giving this Court subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff supports her preemption argument by citing the Eighth Circuit case of *Gaming Corp. of America v. Dorsey and Whitney,* 88 F.3d 536 (8th Cir.1996). In *Gaming Corp.,* the Eighth Circuit found that the Indian Gaming Regulatory Act("IGRA"), 25 U.S.C. § 2701 *et seq.,* completely preempted state law, and

therefore federal jurisdiction was appropriate. *Id.* at 543. However, Plaintiff does not specify how HIPAA preempts her claims, or if the preemption will be partial or complete.

In *Caterpillar v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), the United States Supreme Court stated that:

[I]t is now well settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question at issue.

*Id.* at 386, 107 S.Ct. 2425. In the present case Plaintiff brought her complaint in federal Court and Defendant is challenging the Court's jurisdiction to hear this matter. Therefore, there is no preemption asserted as a defense.

■ The concept of complete preemption is drastically different and has jurisdictional consequences that distinguish it from pre-emption asserted only as a defense. The defense of pre-emption can prevent a claim from proceeding, but in contrast complete preemption may convert a state claim into a federal claim. *Gaming Corp. of America v. Dorsey and Whitney,* 88 F.3d at 543. And only those claims that fall within the pre-emptive scope of the particular statute, or treaty, are considered to make out federal questions. *Id.*

■ Complete pre-emption can arise when Congress intends a federal statute to preempt a field of law so completely that state law claims are considered to be converted into a federal cause of action. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). To be completely pre-emptive, a statute must have extraordinary

pre-emptive power, a conclusion courts reach reluctantly. *Id.* In examining whether complete preemption exists, three factors are examined. First, is to look to the intent of Congress and determine if it intended to make the cause of action within the scope of the statute, under which the suit is being brought. *Means v. Independent Life,* 963 F.Supp. 1131, 1133; (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. at 66, 107 S.Ct. 1542). Second, it is not adequate that the federal law in question preempt the state law claim; the federal law in question must displace the state law. *Id.* (citing *Metropolitan Life Ins.,* 481 U.S. at 60, 107 S.Ct. 1542). Third, the federal law in question must have a close parallel to the jurisdictional and enforcement provisions of ERISA and the LMRA. *Id.* (citing *Metropolitan Life Ins. Co.,* 481 U.S. at 65, 107 S.Ct. 1542).

▇ The provisions of HIPAA involving preexisting conditions, 42 U.S.C. § 300gg, do not preempt the state law claims. Congress has made it clear that provisions of HIPAA regarding individual market reforms were not intended to completely preempt state authority in the field:

(a) Subject to subsection (b) of this section, nothing in this part... shall be construed to prevent a State from establishing, implementing, or continuing in effect standards and requirements unless such standards and requirements prevent the application of a requirement of this part.

(b) (1) Nothing in this part... shall be construed to affect or modify the provisions of section 1144 of Title 29 [ERISA preemption language related to employee benefit plans]. (2) Nothing in this part other than section 300gg–51 of this title) shall be construed as requiring health insurance coverage offered in the individual market to provide specific benefits under the terms of such coverage.

42 U.S.C. § 300gg–62. By its terms the statute disavows Congressional intent to completely preempt state law in the field.

The second complete pre-emption factor is that federal law must displace the state law claim with a cause of action. *Means,* 963 F.Supp. at 1134. In the present case, there is no indication that HIPAA's provisions will displace Plaintiff's state law claims. As stated earlier, Plaintiff's attempted claim under HIPAA does not raise substantial federal issues. Therefore, it would be difficult for HIPAA in this case to displace state law and Plaintiff's state law claims. Further, evidence that state law causes of action are not displaced or completely preempted may be found in 42 U.S.C. § 300gg–22, which allows for state enforcement of these provisions, as well as 42 U.S.C. § 300gg–41, which provides that the requirement that private health issuers may not impose preexisting condition exclusions on individuals shall not apply to individual market health coverage within a state that is implementing an acceptable alternative mechanism.

The third inquiry under complete preemption involves the comparison between the statute at issue and the jurisdictional grants in civil enforcement of ERISA and LMRA. *Means,* 963 F.Supp. at 1133. Plaintiff's have failed to point to any, and this Court, as well as the court in *Means,* 963 F.Supp. at 1135, find no jurisdictional grant in HIPAA similar to that of ERISA or the LMRA. *Means,* 963 F.Supp. at 1135.

### Conclusion

Based on the aforementioned arguments and evidence, the Court does not have subject matter jurisdiction over this action as defined by 28 U.S.C. § 1331 and rele-

vant case law. Therefore, Defendant's Motion to Dismiss is **GRANTED**; it is further **ORDERED** that the present action be and the same hereby is **DISMISSED WITH PREJUDICE.**