# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 06-266


**LARRY L. FINDLEY, JR.**

**VERSUS**

**BILLIE FINDLEY**


**\*\*\*\*\*\*\*\*\*\***


SUPERVISORY WRITS FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-00401
HONORABLE LILYNN CUTRER, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## MICHAEL G. SULLIVAN
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Michael G. Sullivan, and Elizabeth A. Pickett, Judges.


**WRIT DENIED.**


**Yul D. Lorio**
**Richard D. Moreno**
**Doucet, Lorio & Moreno, L.L.C.**
**One Lakeshore Drive, Suite 1695**
**Lake Charles, Louisiana  70629**
**(337) 433-0100**
**Counsel for Applicant:**
> **Sister Diane Depwe**

**Evelyn M. Oubre**
**Attorney at Law**
**522 Clarence Street**
**Lake Charles, Louisiana  70601**
**(337) 436-0337**
**Counsel for Defendant/Respondent:**
> **Billie Findley**

**Lee W. Boyer**
**Stockwell, Sievert, Viccellio, Clements, & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, Louisiana  70602**
**(337) 436-9491**
**Counsel for Plaintiff/Respondent:**
**    Larry L. Findley, Jr.**

**SULLIVAN, Judge.**

In this custody matter, a health care provider seeks review of the denial of a motion to quash a subpoena duces tecum for deposition which sought the disclosure of medical records of the parties and their children who are her patients. For the following reasons, the writ is denied.

### *Facts and Procedural History*

On January 16, 2004, Larry Findley, Jr. filed a petition for divorce from his wife, Billie Findley, and for custody of his four children.[1] He alleged that Billie had mental health problems, had abused the children, and could not take medication prescribed for her mental health problems because she was pregnant with another child. Larry, Billie, and all four children were receiving psychological counseling from Sister Diane Depwe. Shortly after the petition was filed, Billie subpoenaed all of the Findleys' records maintained by Sister Depwe. Sister Depwe did not comply with the subpoena or take any legal action to quash the subpoena; however, the parties later stipulated for production of the subpoenaed records to counsel for both parties.

Subsequently, the trial court ordered all the Findleys to be evaluated by another health care professional. In connection with this court-ordered evaluation, Sister Depwe was deposed on March 31, 2004. During her deposition, she admitted that she had not provided a copy of the previously subpoenaed documents to Billie's attorney; however, she explained that she believed Larry's attorney had provided the records to Billie's attorney.

Trial began in this matter on December 20, 2004, and Sister Depwe testified at length that day and the next. Thereafter, testimony was taken in the matter on

---

[1]Larry and Billie had three children at that time; Larry's child from another marriage resided with them.

June 14 and July 14, 2005. On January 23, 2006, the trial resumed again. The trial court issued another order for a psychological evaluation of the parties and the children. Because the parties and the children had continued treatment with Sister Depwe after the inception of this litigation, Billie's attorney scheduled her deposition for February 8, 2006, and subpoenaed the Findleys' records for production at her deposition. Sister Depwe did not appear for the deposition and did not produce the subpoenaed records. Instead, she filed a motion to quash the subpoena because she "has serious concerns regarding production of the requested documents and information. Specifically this healthcare professional/counselor is concerned that production may be detrimental to the health, welfare and status of her client, the minor child." The trial court denied the motion to quash. On February 9, 2006, Sister Depwe filed a notice of her intention to seek writs.

On February 13, 2006, Billie's attorney filed a subpoena duces tecum, directing Sister Depwe to produce her records to the court-appointed health care professional. Sister Depwe received the subpoena on February 22, 2006. She filed another motion to quash, which the trial court denied. Thereafter, she filed another notice of intention to seek writs. The two writ applications were consolidated on the motion of Sister Depwe.

### Issues Presented

1) Does this court have jurisdiction to review Sister Depwe's refusal to produce her records except as provided in 45 C.F.R. §§ 160 and 164?

2) Is Sister Depwe's refusal to produce the records at issue justified by 45 C.F.R. § 164.524?

3) Does the Health Insurance Portability and Accountability Act (HIPAA ), 42 U.S.C. 1320a-1320d-8, preempt Louisiana law?

## Discussion

### Jurisdiction

Sister Depwe asserts that this court does not have jurisdiction to consider her objection to producing the Findleys' subpoenaed medical records. She cites 45 C.F.R. §§ 160 and 164 in support of her claim but does not direct our attention to any provision in either of these sections which supports this contention. In *Johnson v. Parker Hughes Clinics*, 2005 WL 102968 (D.Minn. 2005) (not reported in F.Supp.2d), the court noted that a state court does have jurisdiction to determine the relationship between state law and HIPAA. *See also O'Donnell v. Blue Cross Blue Shield of Wyo.* (D.Wyo. 2001), 173 F.Supp.2d 1176. Accordingly, we find that this court does have jurisdiction to address the issues presented herein.

### HIPAA

Pursuant to Louisiana law, medical records are subject to the health care provider-patient privilege, which mandates that a health care provider not release a patient's records to anyone other than the patient without his consent. La.Code Evid. art. 510. Article 510 governs testimonial privileges, exceptions, and waivers with respect to communications between a health care provider and a patient in noncriminal proceedings. La.R.S. 13:3734(B); *Moss v. State*, 05-1963 (La. 4/4/06), 916 So.2d 121.

Louisiana Code of Evidence Article 510 provides, in relevant part:

B. (1) **General rule of privilege in civil proceedings**. In a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives.

3

(2) **Exceptions**. There is no privilege under this Article in a noncriminal proceeding as to a communication:

. . . .

(d) When the communication relates to the health condition of a patient when the patient is a party to a proceeding for custody or visitation of a child and the condition has a substantial bearing on the fitness of the person claiming custody or visitation, or when the patient is a child who is the subject of a custody or visitation proceeding.

Pursuant to Article 510, Sister Depwe's records of her treatment of the Findleys are excepted from Louisiana's health care provider-patient privilege and are discoverable under Louisiana law. Sister Depwe does not dispute this, but she claims that pursuant to HIPAA she is obligated to protect the privacy of the Findleys' medical records. Her motion to quash is based on 45 C.F.R. 164.524, which she claims precludes her from producing the Findleys' records. She also claims that HIPAA preempts Louisiana law which would require her to produce the records.

HIPAA provides a uniform reporting system for health service facilities and organizations and was designed, in part, to maintain control over federal dollars spent for medical services. In addition to establishing a reporting system, HIPAA required the Secretary of Health and Human Services to promulgate regulations to protect the "privacy" of private health information of individuals.[2] 42 U.S.C. §§ 1320d-1(d), 1320d-3(a)(b), 1320d-4(b); *see also U.S. ex rel. Stewart v. Louisiana Clinic*, 2002 WL 31819130 (E.D.La. 2002) (not reported in F.Supp.2d). There was no federal common law health care provider-patient privilege prior to the enactment of HIPAA, and while HIPAA regulates the disclosure of medical information by health care

---

[2]The regulations adopted by the Secretary of Health and Human Services are contained in the Code of Federal Regulations; therefore, references throughout the remainder of this opinion are to the Code of Federal Regulations only, not HIPAA, as enacted in Title 42 of the United States Code.

providers, it did not create a privilege. *Northwestern Mem'l Hosp. v. Ashcroft*, 362 F.3d 923 (7th Cir. 2004). Accordingly, we must determine whether HIPAA's privacy regulations preclude the disclosure of the medical information at issue here. We find that they do not.

The basis of Sister Depwe's objection to producing the subpoenaed records is 45 C.F.R. § 164.524. This provision governs an *individual's* access to "protected health information about *the individual*." 45 C.F.R. § 164.524(a) (emphasis added). By its clear terms, § 164.524 cannot serve as the basis for Sister Depwe's refusal to produce anyone's records other than Billie's.

HIPAA preempts any "contrary" state law, unless the state law is "more stringent" than the HIPAA requirements. 45 C.F.R. § 160.203. A state law is "contrary" to HIPAA if a health care provider would find it impossible to comply with both the state and federal provisions regarding disclosure or the state law is an obstacle to the accomplishment of the purposes of HIPAA. 45 C.F.R. 160.202. However, there is no preemption if a "contrary" state law is "more stringent" than HIPAA. 45 C.F.R. § 160.203(b).

Louisiana law allows an individual complete access to all of her medical records, but 45 C.F.R. § 164.524(a) limits an individual's access to her medical records. Therefore, Louisiana law is contrary to HIPAA, as a health care provider would find it impossible to comply with Louisiana law, which does not restrict the release of an individual's medical records to that individual, and HIPAA, which does restrict the release of an individual's medical records to the individual in certain circumstances. 45 C.F.R. § 160.202. Thus, HIPAA preempts Louisiana law on this issue, unless Louisiana law is more stringent. 45 C.F.R. § 160.203. Louisiana law

5

is more stringent with regard to an individual's rights to her medical records because it "permits [an individual] greater rights of access or amendment" to her records than § 164.524 does. 45 C.F.R. 160.202. Consequently, HIPAA does not preempt Louisiana law, and Sister Depwe's refusal to produce the subpoenaed medical records is not justified.

### *Disposition*

The trial court's denial of the motion to quash is affirmed. Costs of these writ applications are assessed to Sister Diane Depwe.

**WRIT DENIED.**