[Cite as *Orders v. State Teachers Retirement Sys.*, 2016-Ohio-3345.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Frank Orders, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 15AP-907 |
| v. | : | (C.P.C. No. 15CVH07-5689) |
| State Teachers Retirement System of Ohio, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 9, 2016

**On brief:** *Frank Orders*, pro se. **Argued:** *Frank Orders*.

**On brief:** *Michael DeWine*, Attorney General, *John J. Danish* and *Henrique Geigel*, for appellee. **Argued:** *Henrique Geigel*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Plaintiff-appellant, Frank Orders, appeals a judgment of the Franklin County Court of Common Pleas dismissing his action against defendant-appellee, the State Teachers Retirement System ("STRS"). For the following reasons, we affirm that judgment.

{¶ 2} On July 7, 2015, Orders filed a complaint against STRS. In his complaint, Orders alleged that he has difficulty achieving an erection due to a spinal injury that he suffered in October 1994. Orders' physician prescribed Viagra, which his previous health insurance plan covered. In 2012, Orders began receiving his health insurance through STRS. Orders sought coverage under that insurance for erectile dysfunction medication

and a penile implantation surgery. According to Orders, STRS informed him that it would not cover the medication or surgery because neither was medically necessary.

{¶ 3} Orders asserted claims for: (1) sex and disability discrimination in violation of R.C. 4112.02 and Ohio Adm.Code 4112-5-05(E), (2) the imposition of cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and (3) violation of 42 U.S.C. 300gg-3, as amended by the Patient Protection and Affordable Care Act ("Affordable Care Act"), 111 Pub. L. No. 148, 124 Stat. 119 (2010). Orders sought from STRS payment for erectile dysfunction medication and a penile implantation surgery, as well as $20 million in damages.

{¶ 4} STRS responded to the complaint with a motion to dismiss based on Civ.R. 12(B)(1) and 12(B)(6). The trial court found that the complaint failed to state a claim. In a judgment dated September 22, 2015, the trial court dismissed the action on the basis of Civ.R. 12(B)(6).

{¶ 5} Orders now appeals the September 22, 2015 judgment, and he assigns the following errors:

> [1.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE FACT THAT THE PLAINTIFF WAS UNABLE TO PROVE ANY SET OF FACTS WHICH WOULD ENTITLE HIM TO THE RELIEF REQUESTED.
>
> [2.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE COURT'S ASSERTION THAT STRS HAS THE SOLE DISCRETION TO OFFER A PARTICULAR TYPE OF COVERAGE TO ONE SEX AND EXCLUDE THE OTHER.
>
> [3.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE ASSERTION THAT STRS DOES NOT HAVE A CLEAR LEGAL DUTY TO PROVIDE COVERAGE OF INSURANCE EQUALLY TO ALL SEXES IN A FAIR MANNER.
>
> [4.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE ASSERTION THAT THE EIGHTH ADMENDMENT FOR CRUEL AND UNUSUAL PUNISHMENT IS APPLICABLE ONLY FOR CLAIMS IN

THE CRIMINAL PROCESS AND NOT FOR STATE INJUSTICE AND OPPRESSION.

[5.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE ASSERTION THAT STRS WHO GRANTS INSURANCE IS NOT BOUND BY THE LAW AND REGULATION OF THE AFFORT CARE ACT.

[6.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BY NOT CONCIDERING THE DISABLITY OF THE PLAINTIFF THAT WAS CAUSED IN THE ASSAULT OF A STUDENT WHILE PERFORMANING HIS JOB.

[7.] THE TRIAL COURT ERRED IN GRANTING DEFENDENT APPELLEE STRS MOTION TO DISMISS BASED ON THE ASSERTION THAT STRS IS NOT BOUND UNDER OHIO CODE BECAUSE THEY WERE PICKED BY MY EMPLOYER TO PROVIDE A RETIREMENT SYSTEM WHICH DOES NOT DISCRIMINATE ON THE BASIS OF GENDER.[1]

{¶ 6} All of Orders' assignments of error challenge the trial court's ruling that the complaint failed to state a claim upon which the court could rule. A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). Appellate court review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

---

[1] We quote the assignments of error verbatim, without correcting any spelling or grammatical errors.

{¶ 7} By his first, second, third, sixth, and seventh assignments of error, Orders contends that the trial court erred in finding that he had failed to state claims for sex and disability discrimination. We disagree.

{¶ 8} Construing Orders' complaint broadly, we conclude that he attempted to assert claims for sex and disability discrimination in violation of R.C. 4112.02 and Ohio Adm.Code 4112-5-05(E). R.C. 4112.02 makes several discriminatory practices unlawful, but it does not bar the denial or limitation of health insurance coverage because of a person's race, color, religion, sex, military status, national origin, disability, age, or ancestry. Orders, therefore, failed to state a claim under R.C. 4112.02. Ohio Adm.Code 4112-5-05(E) states that "[i]t shall be an unlawful employment practice for an employer to discriminate on the basis of sex with regard to fringe benefits." STRS is not Orders' employer, so Orders cannot state a claim against STRS for a violation of Ohio Adm.Code 4112-5-05(E).

{¶ 9} In response to STRS' motion to dismiss, Orders relied on the Oregon Equality Act, 2007 Or. Laws 100, to argue that he had stated a claim for sex discrimination. Orders repeats this argument on appeal. This argument is unavailing because the law of Oregon is not the law of Ohio. Therefore, Orders cannot state a claim under the Oregon Equality Act.

{¶ 10} On appeal, Orders argues for the first time that he has a claim under Section 1557 of the Affordable Care Act. Section 1557 contains an anti-discrimination provision stating that "an individual shall not, on [the basis of any protected ground], be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance." 42 U.S.C. 18116(a). The protected grounds include race, color, national origin, sex, age, and disability. *Id.*, citing to Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, and Section 504 of the Rehabilitation Act of 1973.

{¶ 11} Orders did not raise Section 1557 of the Affordable Care Act as a basis for his sex and disability discrimination claims in response to STRS' motion to dismiss. When a party could have raised an argument in the court below, but fails to do so, that party waives the ability to raise the argument on appeal. *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 2009-Ohio-3626, ¶ 34. Because Orders did not argue before the trial

court that Section 1557 was a basis for his sex and disability claims, he waived that argument on appeal. Consequently, we will not consider it.

{¶ 12} Given Orders' failure to advance any viable legal basis for his claims for sex and disability discrimination, the trial court properly dismissed those claims under Civ.R. 12(B)(6). Accordingly, we overrule Orders' first, second, third, sixth, and seventh assignments of error.

{¶ 13} By Orders' fourth assignment of error, he argues that the trial court erred in dismissing his claim that STRS violated the Eighth Amendment ban on cruel and unusual punishment. The Eighth Amendment to the United States Constitution "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). It generally does not apply to civil actions like the instant action. *In re Complaint of Sarver*, 70 Ohio App.3d 471, 479 (10th Dist.1990). While we do not doubt the severity of Orders' suffering, the Eighth Amendment does not provide him with legal relief. Accordingly, we conclude that Orders failed to state a claim based on the Eighth Amendment, and thus, we overrule Orders' fourth assignment of error.

{¶ 14} By Orders' fifth assignment of error, he argues that the trial court erred in concluding that Section 1201 of the Affordable Care Act does not apply to STRS. Although we agree, we conclude that the trial court's erroneous finding does not justify reversal.

{¶ 15} In relevant part, the Affordable Care Act reorganized, amended, and added to the provisions of Part A of Title XXVII of the Public Health Service Act ("PHSA"). Section 1201 of the Affordable Care Act amended Section 2704 of the PHSA to add the provision that "[a] group health plan and a health insurance issuer offering group or individual health insurance coverage may not impose any preexisting condition exclusion with respect to such plan or coverage." 42 U.S.C. 300gg-3(a). In his complaint, Orders asserted that his erectile dysfunction was a preexisting condition, and consequently, STRS violated 42 U.S.C. 300gg-3 when it denied him coverage for medication and surgery to treat that condition.[2]

---

[2] Orders did not specifically identify 42 U.S.C. 300gg-3 in his complaint. Rather, he simply alleged that "Defendant is [in] violation [of] the Affordable Care Act by denying me coverage for a pre-existing condition." (July 7, 2015 Compl. at 2.) As 42 U.S.C. 300gg-3 is the section of the Affordable Care Act that bars the denial of coverage for preexisting conditions, we presume that Orders premised his claim on that section.

{¶ 16} In its motion to dismiss, STRS argued that Orders' health care plan is exempt from 42 U.S.C. 300gg-3 because it is a "retiree-only" plan. The trial court accepted STRS' argument and posited it as a reason why Orders' claim under the Affordable Care Act failed. However, STRS' argument contains a fatal flaw. The complaint contains no allegations from which one can conclude that Orders' health care plan qualifies as a "retiree-only" plan. When determining a Civ.R. 12(B)(6) motion, a trial court must confine its consideration to the allegations contained within the complaint. *Morrissette v. DFS Servs., LLC*, 10th Dist. No. 10AP-633, 2011-Ohio-2369, ¶ 20. As the complaint did not include the necessary allegations to establish Orders' health care plan as a "retiree-only" plan, the trial court erred in concluding that the plan was exempt from 42 U.S.C. 300gg-3 based on its "retiree-only" status.

{¶ 17} Nevertheless, the trial court did not err in dismissing Orders' claim for violation of 42 U.S.C. 300gg-3. That section bars the imposition of "any preexisting condition exclusion." 42 U.S.C. 300gg-3(a). A "preexisting condition exclusion" is "a limitation or exclusion of benefits relating to a condition based on the fact that the condition was present before the date of enrollment for such coverage." 42 U.S.C. 300gg-3(b)(1)(A). Thus, the presence of a condition on the date of enrollment must be the reason for the limitation or exclusion. "[A] plan's or insurer's exclusion of benefits for a condition from the plan or policy regardless of when the condition arose relative to the effective date of coverage is not a preexisting condition exclusion." Final Rules for Grandfathered Plans, Preexisting Condition Exclusions, Lifetime and Annual Limits, Rescissions, Dependent Coverage, Appeals, and Patient Protections Under the Affordable Care Act, 80 Fed. Reg. 72192, 72198 (2015); *see* Example 7 in 26 C.F.R. 54.9801-3(a)(2), 29 C.F.R. 2590.701-3(a)(2), and 45 C.F.R. 146.111(a)(2).

{¶ 18} Here, Orders did not allege in his complaint that STRS denied him coverage because his condition was present when he enrolled for health insurance. Orders stated instead that STRS denied him coverage because it concluded that erectile dysfunction medication and penile implantation surgery were not medically essential. Orders, therefore, cannot rely on 42 U.S.C. 300gg-3 to state a claim.[3] Accordingly, we sustain

___

[3] We also suspect that Orders cannot maintain a private right of action for a violation of 42 U.S.C. 300gg-3. *See O'Donnell v. Blue Cross Blue Shield of Wyoming*, 173 F.Supp.2d 1176, 1179-80 (D.Wyo.2001) (no private right of action for violation of former 42 U.S.C. 300gg as enforcement of that section was

Orders' fifth assignment of error, but our ruling is not a basis for reversal of the trial court's judgment.

{¶ 19} For the foregoing reasons, we overrule Orders' first, second, third, fourth, sixth, and seventh assignments of error. We sustain Orders' fifth assignment of error, but we find the error insufficient to justify reversal. Given our rulings on the assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————

restricted to the states and the Secretary of Health and Human Services pursuant to 42 U.S.C. 300gg-22). Nevertheless, as STRS did not raise this argument, we do not address it.